IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUBY HATFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:04-cv-955-F |
| | ) | |
| KMART CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiff Ruby Hatfield ("Hatfield") brings this action against Defendant Kmart Corporation ("Kmart") alleging premises liability.  This cause is before the Court on the Defendant's Motion for Summary Judgment (Doc. #11).  The Court has reviewed the submissions of the parties and finds that, for the reasons set forth below, the motion is due to be DENIED.

### II. JURISDICTION AND VENUE

The Defendant removed this case to this Court from the Circuit Court of Houston County, Alabama.  Subject matter jurisdiction over the Hatfield's claim is proper under 28 U.S.C. § 1332.[1]  The parties do not contest personal jurisdiction or venue, and the Court finds

---

[1]Kmart is incorporated in Michigan with its principal place of business in Michigan.  The Plaintiff is a citizen of Alabama.  Although the Plaintiff has not demanded a specific amount of damages, Defendant has submitted numerous examples of cases involving similar injuries where the damages have exceeded $75,000 (Doc. #1).

adequate allegations in support of both.

## III. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the

other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

## IV. FACTS

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following facts.

On December 16, 2003, Hatfield was injured while shopping inside a Kmart store in Dothan, Alabama. Hatfield, a resident of Eufaula, Alabama was seventy-five years old at the time of her fall. She had gone to Kmart with her sister so that her sister could buy some Christmas presents for family members. Hatfield had been to the Kmart several times and she was familiar with its lay-out. While Hatfield was walking around browsing, she tripped over a rack which was protruding slightly into the aisle. Hatfield admits that she saw the rack before she fell, but testified that she could not see the bottom part of the rack on which she struck her foot because it was covered with some clothes. After her foot struck the base of the rack, Hatfield fell and was injured. An unknown woman helped Hatfield up. Hatfield's sister did not see the fall. Hatfield went to the service desk to report the fall.

Hatfield was not able to tell the Loss Prevention Manager for the store exactly where she had tripped.  The Loss Prevention Manager examined the menswear section and nearby aisles and did not find any merchandise in the aisles or displays out of place.  He investigated and learned that employees of the store had worked in that area earlier in the day, but had finished and cleaned up before Hatfield fell.

## V. DISCUSSION

Under Alabama law,[2] the elements of negligence in a premises liability case "are the same as those in any tort litigation: duty, breach of duty, cause-in-fact, proximate or legal cause, and damages."  *Sessions v. Nonnenmann*, 842 So. 2d 649, 651(Ala. 2002) (citations and quotations omitted).  A person who provides commercial or material benefit to the landowner while on the premises is considered an invitee.[3]  *Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So. 2d 158, 161 (Ala. 1997).  "The duty owed to an invitee is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care."  *Id*.  Thus, a landowner has no duty to warn of open and obvious defects of which the injured party should have been aware.  *Williams v. Bruno's Inc.*, 632 So. 2d 19, 22 (Ala. 1993).  Additionally, the plaintiff must demonstrate actual or constructive notice on the part of the landowner  because the basis of premises liability rests on the landowner's superior knowledge of the hazard.  *Denmark v. Mercantile Stores Co.,*

---

[2]  The substantive law of Alabama governs this lawsuit.

[3]The three classifications of persons coming onto land are invitees, trespassers, and licensees. *Mountain Top*, 699 So. 2d at 161.  It is undisputed that Hatfield was an invitee of K-Mart.

4

*Inc.*, 844 So. 2d 1189, 1194 (Ala. 2002).

In determining whether K-Mart is entitled to judgment as a matter of law, the Court is mindful that under Alabama law, "summary judgment is rarely appropriate in negligence and personal injury cases," *Mountain Top*, 699 So. 2d at 161, and "the question of whether a danger is open and obvious is generally one of fact." *Howard v. Andy's Store for Men*, 757 So. 2d 1208, 1211 (Ala. Civ. App. 2000) (quotation and citation omitted). However, Alabama courts have "held that summary judgment is proper on the issue of whether a defect was open and obvious when the *undisputed* evidence shows that the plaintiff was aware of the danger, appreciated the danger, and acted more carefully because of the perceived danger." *Harding v. Pierce Hardy Real Estate*, 628 So.2d 461, 463 (Ala. 1993) (emphasis in original).

Kmart advances two arguments in support of its motion for summary judgment. First, it contends that it is entitled to summary judgment because Hatfield has failed to produce sufficient evidence of any defective condition at the Kmart store. Second, it contends that there is no evidence from which a reasonable jury could find that it had notice of any defective condition at the store.

Because of the procedural posture of this case, the Court must view the evidence and the reasonable inferences to be drawn from it in the light most favorable to Hatfield. She has offered sworn testimony that she fell after her foot hit the base of a clothes rack which was pulled out into the aisle a little bit and that the clothes on the rack obscured her ability to see

5

the base of the rack as she was walking down the aisle.  While Kmart makes much of Hatfield's inability to later point out the exact spot where she fell and the testimony of the Loss Prevention Manager regarding whether any racks were actually in the aisle after her fall, these arguments really just underscore the fact that at best there is a genuine issue of material fact regarding whether or not there a rack in the aisle on which Hatfield tripped as she has testified.  Hatfield's testimony about the cause of her fall distinguishes this case from those cases on which Defendant relies in support of its argument that there is insufficient evidence of a defective condition.  This Court finds that when the evidence and the reasonable inferences to be drawn from that evidence are viewed in the light most favorable to Hatfield, there is sufficient evidence from which a reasonable jury could find that there was a defective condition which caused Hatfield's fall, namely, a rack placed in an aisle.  Additionally, there is sufficient evidence from which a reasonable jury could find that Kmart created the condition which allows notice to be imputed to it.  Accordingly, to the extent that Kmart contends it is entitled to summary judgment because there is insufficient evidence of such a condition and that it had no notice of such a condition, its motion is due to be DENIED.

Kmart's second argument in support of summary judgment is equally unavailing. Kmart contends that even if a defective condition existed, the condition was open and obvious to Hatfield.  Specifically, Kmart argues that Hatfield's admission that she saw the clothing rack is fatal to her case because any reasonable person would have know that the clothing rack had legs. On the factual record before this Court, it is undisputed that only part

6

of the rack itself was open and obvious, but the evidence before this Court could allow a

reasonable jury to find that the actual part of the rack which caused Hatfield's fall was not

open and obvious.  Accordingly, the Court cannot find that Kmart is entitled to judgment as

a matter of law.

## VII. CONCLUSION

For the reasons stated above, it is hereby ORDERED that the Defendant's Motion for

Summary Judgment (Doc. # 11) is DENIED.

DONE this 18th day of November, 2005.


_____
        /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE